DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court, Lucas County, Ohio, which granted summary judgment in favor of appellee, Thomas Kline Realty Co., and against appellant, George C. Rogers, arising from appellant's default on a commercial lease. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth the following three assignments of error:
 {¶ 3} "1. The trial court erred in its order and entry of January 11, 2004 in granting summary judgment to Thomas Kline Realty Company, and in denying summary judgment to George Rogers.
 {¶ 4} "2. The trial court erred in its findings of fact and conclusions of law in ignoring the written admissions that Thomas 
Kline Realty did not offer to re-let the premises for the same sum as due under the remainder of the lease or for a lesser sum, and in concluding that Thomas Kline Realty as a matter of law had reasonably attempted to mitigate its damages under the lease.
 {¶ 5} "3. The trial court erred during its determination of damages hearing of November 1, 2004 in denying plaintiff the right to cross-examine Thomas Kline Realty's witnesses on the issue of whether it could have reasonably offered to re-let the premises at the same or a lower price than remaining due on the lease."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On October 1, 1998, Thomas Kline Realty Co. entered into a three year commercial lease with George C. Rogers for office space in Toledo. Subsequently, an addendum was executed extending the term of the lease for an additional year, until September 30, 2002. On or about April 1, 2002, appellant gave notice that he would be prematurely vacating the premises. Appellant vacated the premises four months prior to the expiration of the lease term.
 {¶ 7} Following notification that appellant would be vacating during the pendency of the lease term, appellee promptly listed the premises for lease with Zyndorf/Serchuck Inc., a major commercial real estate agency in Toledo. The space was advertised at the same price per square foot as had been quoted each time the space was marketed over the preceding seven-year period.
 {¶ 8} The marketing led to several showings to prospective replacement tenants. None of the prospects offered to lease the space. Appellee secured a new tenant after appellant's lease term expired.
 {¶ 9} On January 10, 2003, appellee filed a complaint for damages arising from the lease default. Appellant filed for summary judgment on June 23, 2003. Appellee responded and filed for summary judgment on July 2, 2003. Summary judgment was granted to appellee on January 16, 2004. Appellant filed a timely notice of appeal.
 {¶ 10} In his first assignment of error, appellant asserts the trial court erred when it granted summary judgment to appellee. In support, appellant claims appellee failed to properly mitigate damages. He claims the premises should have been offered for lease for any price a potential tenant may have been willing to pay. Appellant cites Daiber v.B-G Leasing Co. (Mar. 27, 1989), 3rd Dist. No. 3-86-24, in support of the failure to mitigate assertion.
 {¶ 11} This court has reviewed the Daiber case and finds that appellant's reliance on this case is misplaced. The Daiber ruling did not state that a landlord must offer property at any price in order to satisfy its duty to mitigate. Daiber pertained to a leased truck which had mechanical defects which the lessor refused to repair. Daiber does not stand for the proposition that a lessor is obligated to conduct a liquidation sale of the leasehold at any price to comport with its duty to mitigate. Daiber is immaterial to the issue under review.
 {¶ 12} An appellate court reviews the trial court's granting of summary judgment de novo, applying the same standard utilized by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C).
 {¶ 13} The origins of this case are not ambiguous. Appellant submitted an affidavit verifying he executed a lease agreement for the office space, vacated it prematurely, and further stated he had an "expectation" appellee would successfully lease the premises to an alternative tenant prior to expiration of appellant's lease term. This "expectation" is immaterial.
 {¶ 14} The record establishes that appellee utilized a reputable commercial real estate brokerage to advertise the space after being notified of the intent to breach the lease term. The record further establishes that the advertised price was the same price previously advertised for this space for the last seven years. Despite previewing the premises with several prospective replacement tenants, the space was not leased until after the expiration of appellant's lease term. Nevertheless, appellant maintains appellee failed in its duty to mitigate by not offering the premises "for any price."
 {¶ 15} The controlling Ohio Supreme Court case of Frenchtown SquarePartnership v. Lemstone, Inc. (2003), 99 Ohio St.3d 245, states in relevant part at ¶ 19, "we emphasize that our holding does not require a lessor to accept just any available lessee. The duty to mitigate requires only reasonable efforts." We have thoroughly reviewed the record in this matter. We find that appellee complied with its duty to mitigate. As is clear from Frenchtown, the nonbreaching party is not required to offer the premises at any price to satisfy the duty to mitigate. On the contrary, reasonable efforts are required. Reasonable efforts occurred in this case. Appellant's first assignment of error is not well-taken.
 {¶ 16} In his second assignment of error, appellant asserts the trial court erred in its findings of fact and conclusions of law. In support, appellant argues, again, that appellee failed in its duty to mitigate. The record in this case, as exemplified in the affidavit of Lloyd Thomas, clearly establishes that appellee satisfied its duty to mitigate. In addition, this assignment of error is repetitive. This claim is rooted in the same argument as the first assignment of error. Based upon the affidavit of Lloyd Thomas, and our ruling above, we find appellant's second assignment of error not well-taken.
 {¶ 17} In his third assignment of error, appellant claims the trial court erred in denying appellant the right to cross-examine appellee's witnesses regarding the issue of whether appellee should have offered the premises at any price. It is well established that the trial court is vested with broad discretion to make determinations on the admission or exclusion of evidence. Evidentiary determinations pertaining to witnesses will not be disturbed absent an abuse of discretion. State v.Baumgartner, 6th Dist. No. OT-02-029, 2004-Ohio-3908, at ¶ 43-44.
 {¶ 18} In order to find an evidentiary ruling an abuse of discretion, it must be established that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. As previously stated, the lower court had ample evidence from which it determined appellee complied with the duty to mitigate. The disputed evidentiary ruling was not an abuse of discretion. Appellant's third assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, this court finds no genuine issue of fact remaining and, after considering the evidence presented in a light most favorable to appellant, appellee is entitled to summary judgment as a matter of law. The judgment of the Toledo Municipal Court is affirmed.
 {¶ 20} Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.